IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIONEL GUSTAFSON, MARTHA | § | |
| HOSEY, BILLY RAY DUKES, JR., | § | |
| THOMAS M. BROWN, BOB | § | |
| CLEMONS, GILBERT DOUGLAS, | § | |
| DAVID HAMMONDS, | § | |
| ELAINE LITTLE, | § | |
| WILLIAM D. MEIERS, LOWELL | § | CIVIL ACTION FILE |
| MOORE, PAT MOORE, GEORGE | § | |
| OLDROYD, LOUIS PEARSON, | § | NO. 05-352 |
| RICK RENSHAW, JOE SANDERS, | § | |
| RAY STYLES, JASON UPTON, | § | THREE JUDGE |
| KEITH WARD, and BILL R. WOOD, | § | COURT REQUESTED |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | |
| | § | |
| ADRIAN JOHNS, in his official | § | |
| capacity as Probate Judge of Baldwin | § | |
| County, Alabama; ALFRED Q. BOOTH, | § | |
| in his official capacity as Probate Judge | § | |
| of Autauga County, Alabama; NANCY | § | |
| O. ROBERTSON, in her official capacity | § | |
| as Probate Judge of Barbour County, | § | |
| Alabama; JERRY C. POW, in his | § | |
| official capacity as Probate Judge of | § | |
| Bibb County, Alabama; ROYCE KING | § | |
| in his official capacity as Probate Judge | § | |
| of Blount County, Alabama; JOHNNY | § | |
| H. WILLIAMSON, in his official capacity | § | |
| as Probate Judge of Bullock County, | § | |
| Alabama; STEVE NORMAN, in his | § | |
| official capacity as Probate Judge of | § | |
| Butler County, Alabama; ARTHUR C. | § | |
| MURRAY, in his official capacity as | § | |
| Probate Judge of Calhoun County, | § | |
| Alabama; JOHN T. CROWDER, in his | § | |
| official capacity as Probate Judge of | § | |
| Chambers County, Alabama; J. KIRK | § | |
| DAY in his official capacity as Probate | § | |
| Judge of Cherokee County, Alabama; | § | |
| ROBERT M. MARTIN, in his official | § | |

capacity as Probate Judge of Chilton §
County, Alabama; MICHAEL W. §
ARMISTEAD, in his capacity as Probate §
Judge of Choctaw County, Alabama; §
BECKY  PRESNALL, in her official §
capacity as Probate Judge of Clarke §
County, Alabama; GEORGE M. §
INGRAM, in his official capacity as §
Probate Judge of Clay County, Alabama; §
RYAN ROBERTSON,in his official §
capacity as Probate Judge of Cleburne §
County, Alabama; WILLIAM O. §
GAMMILL, in his official capacity as §
Probate Judge of Coffee County, §
Alabama; W. THOMAS CROSSLIN, in §
his official capacity as Probate Judge of §
Colbert County, Alabama; ROGENE §
BOOKER, in her official capacity as §
Probate Judge of Conecuh County §
Alabama; TERRY MITCHELL, in his §
official capacity as Probate Judge of §
Coosa County, Alabama; SHERRIE R. §
PHILLIPS, in her official capacity as §
Probate Judge of Covington County, §
Alabama; JAMES V. PERDUE, in his §
official capacity as Probate Judge of §
Crenshaw County, Alabama; BETTY §
BREWER, in her official capacity as §
Probate Judge of Cullman County, §
Alabama; EUNICE HAGLER, in her §
official capacity as Probate Judge of §
Dale County, Alabama; JOHN W. §
JONES, Jr., in his official capacity as §
Probate Judge of Dallas County, §
Alabama; RONNIE OSBORN, in his §
official capacity as Probate Judge of §
DeKalb County, Alabama; JIMMY §
STUBBS, in his official capacity as §
Probate Judge of Elmore County, §
Alabama; RACHAEL AGERTON, in her §
official capacity as Probate Judge of §
Escambia County, Alabama; BOBBY M. §
JUNKINS, in his official capacity as §
Probate Judge of Etowah County, §
Alabama; WILLIAM OSWALT, in his §
official capacity as Probate Judge of §

Fayette County, Alabama; MIKE                    §
GREEN, in his official capacity as               §
Probate Judge of Franklin County,               §
Alabama; HARRY O. ADKISON, in his               §
official capacity as Probate Judge of           §
Geneva County Alabama; EARLEAN                  §
ISAAC, in her official capacity as              §
Probate Judge of Greene County,                 §
Alabama, LELAND AVERY, in his                   §
official capacity as Probate Judge of           §
Hale County, Alabama; LAMAR                     §
TURNER, in his official capacity as             §
Probate Judge of Henry County,                  §
Alabama; LUKE COOLEY, in his                    §
official capacity as Probate Judge of           §
Houston County, Alabama; FLOYD                  §
HAMBRICK, JR., in his official capacity         §
as Probate Judge of Jackson County              §
Alabama; MARK GAINES, in his official           §
capacity as Probate Judge of Jefferson          §
County, Alabama; JOHNNY ROGERS,                 §
in his official capacity as Probate Judge       §
of Lamar County, Alabama; DEWEY                 §
D. MITCHELL, III, in his official               §
as Probate Judge of Lauderdale County,          §
Alabama; R. I. PROCTOR, in his official         §
capacity as Probate Judge of                    §
Lawrence County, Alabama; BILL                  §
ENGLISH, in his official capacity as            §
Probate Judge of Lee County, Alabama;           §
MICHAEL L. DAVIS, in his official               §
capacity as Probate Judge of Limestone          §
County, Alabama; JOHN E. HULETT, in             §
his official capacity as Probate Judge of       §
Lowndes County, Alabama; ALFONZA                §
MENEFEE, in his official capacity as            §
Probate Judge of Macon County,                  §
Alabama; TOMMY RAGLAND, in his                  §
official capacity as Probate Judge of           §
Madison County, Alabama;  CINDY D.              §
NEILSON, in her official capacity as            §
Probate Judge of Marengo County,                §
Alabama; ANNETTE WEBB HANEY,                    §
in her official capacity as Probate Judge       §
of Marion County, Alabama; TIM                  §
MITCHELL, in his official capacity as           §

Probate Judge of Marshall County,                    §
Alabama; DON DAVIS, in his official                  §
capacity as Probate Judge of Mobile                  §
County, Alabama; OTHA LEE BIGGS,                     §
in his official capacity as Probate Judge            §
of Monroe County, Alabama; REESE                     §
McKINNEY, JR., in his official capacity              §
as Probate Judge of Montgomery County                §
Alabama; BOBBY DAY, in his official                  §
capacity as Probate Judge of Morgan                  §
County, Alabama; DONALD COOK,                        §
in his official capacity as Probate Judge            §
of Perry County, Alabama; ROY                        §
KELLY, in his official capacity as                   §
Probate Judge of Pickens County,                     §
Alabama; WILLIAM C. STONE, in his                    §
official capacity as Probate Judge of                §
Pike County, Alabama; GEORGE                         §
DIAMOND, in his official capacity as                 §
Probate Judge of Randolph County,                    §
Alabama; ALBERT HOWARD, in his                       §
official capacity as Probate Judge of                §
Russell County, Alabama; WALLACE                     §
WYATT, JR., in his official capacity as              §
Probate Judge of St. Clair County,                   §
Alabama; PATRICIA YEAGER                             §
FUHRMEISTER, in her official capacity                §
as Probate Judge of Shelby County,                   §
Alabama;  WILLIE PEARL WATKINS-                      §
RICE, in her official capacity as Probate            §
Judge of Sumter County, Alabama;                     §
BILLY L. ATKINSON, in his official                   §
Capacity as Probate Judge of Talladega               §
County, Alabama; GLORIA T.                           §
SINCLAIR, in her official capacity as                §
Probate Judge of Tallapoosa County,                  §
Alabama; W. HARDY McCOLLUM,                          §
in his official capacity as Probate Judge            §
of Tuscaloosa County, Alabama; RICK                  §
ALLISON, in his official capacity as                 §
Probate Judge of Walker County,                      §
Alabama; JOHN H. ARMSTRONG, in                       §
his official capacity as Probate Judge of            §
Washington County, Alabama; JERRY                    §
BOGGAN, in his official capacity as                  §
Probate Judge of Wilcox County,                      §

4

Alabama; CaSANDRA HORSLEY, in              §
her official capacity as Probate Judge of  §
Winston County, Alabama; and               §
 NANCY WORLEY, in her official             §
capacities as Secretary of State of        §
Alabama and Chief State Elections          §
Official of the State of Alabama           §
                                           §
                                           §
            DEFENDANTS.                     §

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF

COME NOW LIONEL GUSTAFSON, MARTHA HOSEY, BILLY RAY DUKES, JR., THOMAS M. BROWN, BOB CLEMONS, GILBERT DOUGLAS, DAVID HAMMONDS, ELAINE LITTLE, WILLIAM D. MEIERS, LOWELL MOORE, PAT MOORE, GEORGE OLDROYD, LOUIS PEARSON, RICK RENSHAW, JOE SANDERS, RAY STYLES, JASON UPTON, KEITH WARD, and BILL R. WOOD, all Plaintiffs in the above-styled action ("Plaintiffs"), and, for their Complaint for Declaratory, Injunctive and Other Relief, show this Court as follows:

## NATURE OF THE CASE

1.

This is an action challenging the constitutionality and thus, the validity, of the current electoral representational plans for the Alabama Senate and the Alabama House of Representatives (individually, "the House redistricting plan" and "the Senate redistricting plan" and collectively, "the state legislative redistricting plans"). Plaintiffs' challenge is brought under Article IV, §2 and the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2.

Under 42 U.S.C. §1983, Plaintiffs seek declaratory judgment that the districts contained in the state legislative redistricting plans violate Article IV, §2 and the Fourteenth Amendment to United States Constitution in that (1) the disproportionate sizes of the districts and regional discrimination found in the state legislative redistricting plans violate the constitutional principle of "one person, one vote;" and (2) the state legislative redistricting plans constitute illegal partisan gerrymandering.  Plaintiffs further seek declaratory judgment that the state legislative redistricting plans unconstitutionally impinge upon their freedom of association rights, guaranteed by the First Amendment to the United States Constitution, in that the plans penalize Republican voters and Representatives solely because of their party affiliation and political beliefs.  Plaintiffs seek declaratory judgment that continued use of the districts in the state legislative redistricting plans cannot be justified as furthering any legitimate, consistently applied state interest, and therefore, such continued use is unconstitutional.  Upon such declarations, Plaintiffs request that the Court grant injunctive relief, prohibiting Defendants from conducting any further elections or election-related activities, including candidate qualifying, under the state legislative redistricting plans.  Plaintiffs further request that, in the event that constitutional plans are not enacted, precleared under 42 U.S.C. § 1973c and in place in sufficient time for 2006 elections and election-related activities (including candidate qualifying) to proceed according to the statutory schedule, the Court formulate and implement interim redistricting plans for Alabama's state legislative districts which comport with constitutional and statutory requirements. Finally, Plaintiffs seek their costs and attorneys' fees pursuant to 42 U.S.C. §1988.

STATEMENT OF JURISDICTION

3.

This action arises under Article IV, §2 of the United States Constitution, the First and Fourteenth Amendments to the United States Constitution and 28 U.S.C. §§2201 and 2202.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988.

4.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201, 2202 and 2284 and 42 U.S.C. §§ 1983 and 1988.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(b).

6.

A three-judge court is required pursuant to 28 U.S.C. § 2284(a) because this action challenges the constitutionality of the apportionment of Alabama's state legislative districts. In this Complaint and by separate pleading filed contemporaneously, Plaintiffs request the appointment of a three-judge court.

7.

In compliance with the provisions of Ala. Code 1975, § 6-6-227 and 28 U.S.C. 2284(b)(2), Plaintiffs will serve a copy of this action upon the Attorney General and Governor of the State of Alabama by certified mail.

PARTIES

8.

Plaintiff Lionel Gustafson is a Republican and a registered voter of the State of Alabama. Plaintiff Gustafson resides in Baldwin County, Alabama and in Alabama House of

Representatives District 95.  Alabama House District 95 has a population deviation of 4.79% from the ideal district size.  Plaintiff Gustafson desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having her voting strength diluted or debased through continued use of the state legislative redistricting plans.

9.

Plaintiff Martha Hosey is a Republican and is a registered voter of the State of Alabama. Plaintiff Hosey resides in Baldwin County, Alabama and in Alabama State House of Representatives District 95.  Alabama House District 95 has a population deviation of 4.79% from the ideal district size.  Plaintiff Hosey desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having her voting strength diluted or debased through continued use of the state legislative redistricting plans.

10.

Plaintiff Billy Ray Dukes, Jr., is a Republican and a registered voter of the State of Alabama.  Plaintiff Dukes resides in Clarke County, Alabama and in Alabama State Senate District 22.  Alabama Senate District 22 has a population deviation of 4.13% from the ideal district size.  Plaintiff Dukes desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

11.

Plaintiff Thomas M. Brown is a Republican and a registered voter of the State of Alabama.  Plaintiff Brown resides in Madison County, Alabama and in Alabama Senate District

7.  Alabama Senate District 7 has a population deviation of 4.41% from the ideal district size. Plaintiff Brown desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

12.

Plaintiff Bob Clemons is a Republican and a registered voter of the State of Alabama. Plaintiff Clemons resides in Jackson County, Alabama and in Alabama State Senate District 8. Alabama Senate District 8 has a population deviation of 4.91% from the ideal district size. Plaintiff Clemons desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

13.

Plaintiff Gilbert Douglas is a Republican and a registered voter of the State of Alabama. Plaintiff Douglas resides in Jefferson County, Alabama and in Alabama State Senate District 16 and Alabama State House of Representatives District 47.  Alabama Senate District 16 has a population deviation of 4.01% from the ideal district size; Alabama House District 47 has a population deviation of 4.9% from the ideal district size.  Plaintiff Douglas desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

14.

Plaintiff David Hammonds is a Republican and is a registered voter of the State of Alabama.  Plaintiff Hammonds resides in DeKalb County, Alabama and in Alabama State House

of Representatives District 24.  Alabama House District 24 has a population deviation of 4.43% from the ideal district size.  Plaintiff Hammonds desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

15.

Plaintiff Elaine Little is a Republican and is a registered voter of the State of Alabama. Plaintiff Little resides in Shelby County, Alabama and in Alabama State House of Representatives District 41.  Alabama House District 41 has a population deviation of 4.84% from the ideal district size.  Plaintiff Little desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having her voting strength diluted or debased through continued use of the state legislative redistricting plans.

16.

Plaintiff William D. Meiers is a Republican and is a registered voter of the State of Alabama.  Plaintiff Meiers resides in Madison County, Alabama and in Alabama State Senate District 2.  Alabama Senate District 2 has a population deviation of 4.63% from the ideal district size.  Plaintiff Meiers desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

17.

Plaintiff Lowell Moore is a Republican and is a registered voter of the State of Alabama. Plaintiff Moore resides in Franklin County, Alabama and in Alabama State House of

Representatives District 18.  Alabama House District 18 has a population deviation of 4.5% from the ideal district size.  Plaintiff Moore desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

18.

Plaintiff Pat Moore is a Republican and is a registered voter of the State of Alabama.  Plaintiff Moore resides in Jefferson County, Alabama and in Alabama State House of Representatives District 15.  Alabama House District 15 has a population deviation of 4.64% from the ideal district size.  Plaintiff Moore desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having her voting strength diluted or debased through continued use of the state legislative redistricting plans.

19.

Plaintiff George Oldroyd is a Republican and is a registered voter of the State of Alabama.  Plaintiff Oldroyd resides in Shelby County, Alabama and Alabama State Senate District 14 and Alabama State House of Representatives District 49.  Alabama Senate District 14 has a population deviation of 4.60% from the ideal district size; Alabama House of Representatives District 49 has a population deviation of 4.29% from the ideal district size.  Plaintiff Oldroyd desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

20.

Plaintiff Louis Pearson is a Republican and is a registered voter of the State of Alabama. Plaintiff Pearson resides in Jefferson County, Alabama and in Alabama State House of Representatives District 51.  Alabama House District 51 has a population deviation of 4.47% from the ideal district size.  Plaintiff Pearson desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through use of the state legislative redistricting plans.

21.

Plaintiff Rick Renshaw is a Republican and is a registered voter of the State of Alabama. Plaintiff Renshaw resides in Shelby County, Alabama and in Alabama State House of Representatives District 43.  Alabama House District 43 has a population deviation of 4.94% from the ideal district size.  Plaintiff Renshaw desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

22.

Plaintiff Joe Sanders is a Republican and is a registered voter of the State of Alabama. Plaintiff Sanders resides Jefferson County, Alabama and in Alabama State House of Representatives District 46.  Alabama House District 46 has a population deviation of 4.75% from the ideal district size.  Plaintiff Sanders desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

23.

Plaintiff Ray Styles is a Republican and is a registered voter of the State of Alabama. Plaintiff Styles resides in Lauderdale County, Alabama and in Alabama State House of Representatives District 01.  Alabama House District 01 has a population deviation of 4.56% from the ideal district size.  Plaintiff Styles desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

24.

Plaintiff Jason Upton is a Republican and is a registered voter of the State of Alabama. Plaintiff Upton resides in Marshall County, Alabama and in Alabama State Senate District 9 and Alabama State House of Representatives District 27.  Alabama Senate District 9 has a population deviation of 4.86% from the ideal district size; Alabama House District 27 has a population deviation of 4.35% from the ideal district size.  Plaintiff Upton desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

25.

Plaintiff Keith Ward is a Republican and is a registered voter of the State of Alabama. Plaintiff Ward resides in Lee County, Alabama and in Alabama State House of Representatives District 79.  Alabama House District 79 has a population deviation of 4.39% from the ideal

district size.  Plaintiff Ward desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

26.

Plaintiff Bill R. Wood is a Republican and is a registered voter of the State of Alabama. Plaintiff Wood resides in Morgan County, Alabama and in Alabama State Senate District 3. Alabama Senate District 3 has a population deviation of 4.89% from the ideal district size. Plaintiff Wood desires to participate in the electoral and political processes of the State on the basis of equality with other citizens of the State without having his voting strength diluted or debased through continued use of the state legislative redistricting plans.

27.

Defendant Adrian Johns is a resident of Baldwin County, Alabama and the Southern District of Alabama and is the Probate Judge of Baldwin County.  He is sued in his official capacity as the government official of Baldwin County charged with the responsibility of administering elections in Baldwin County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

28.

Defendant Alfred Q. Booth is a resident of Autauga County, Alabama and is the Probate Judge of Autauga County.  He is sued in his official capacity as the government official of Autauga County charged with the responsibility of administering elections in Autauga County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

29.

Defendant Nancy O. Robertson is a resident of Barbour County, Alabama and is the Probate Judge of Barbour County. She is sued in her official capacity as the government official of Barbour County charged with the responsibility of administering elections in Barbour County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

30.

Defendant Jerry C. Pow is a resident of Bibb County, Alabama and is the Probate Judge of Bibb County. He is sued in his official capacity as the government official of Bibb County charged with the responsibility of administering elections in Bibb County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

31.

Defendant Royce King is a resident of Blount County, Alabama and is the Probate Judge of Blount County. He is sued in his official capacity as the government official of Blount County charged with the responsibility of administering elections in Blount County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

32.

Defendant Johnny H. Williamson is a resident of Bullock County, Alabama and is the Probate Judge of Bullock County. He is sued in his official capacity as the government official of Bullock County charged with the responsibility of administering elections in Bullock County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

33.

Defendant Steve Norman is a resident of Butler County, Alabama and is the Probate Judge of Butler County.  He is sued in his official capacity as the government official of Butler County charged with the responsibility of administering elections in Butler County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

34.

Defendant Arthur C. Murray is a resident of Calhoun County, Alabama and is the Probate Judge of Calhoun County.  He is sued in his official capacity as the government official of Calhoun County charged with the responsibility of administering elections in Calhoun County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

35.

Defendant John T. Crowder is a resident of Chambers County, Alabama and is the Probate Judge of Chambers County.  He is sued in his official capacity as the government official of Chambers County charged with the responsibility of administering elections in Chambers County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

36.

Defendant J. Kirk Day is a resident of Cherokee County, Alabama and is the Probate Judge of Cherokee County.  He is sued in his official capacity as the government official of Cherokee County charged with the responsibility of administering elections in Cherokee County

and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

37.

Defendant Robert M. Martin is a resident of Chilton County, Alabama and is the Probate Judge of Chilton County.  He is sued in his official capacity as the government official of Chilton County charged with the responsibility of administering elections in Chilton County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

38.

Defendant Michael W. Armistead is a resident of Choctaw County, Alabama and the Southern District of Alabama and is the Probate Judge of Choctaw County.  He is sued in his official capacity as the government official of Choctaw County charged with the responsibility of administering elections in Choctaw County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

39.

Defendant Becky Presnall is a resident of Clarke County, Alabama and the Southern District of Alabama, and is the Probate Judge of Clarke County.  She is sued in her official capacity as the government official of Clarke County charged with the responsibility of administering elections in Clarke County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

40.

Defendant George M. Ingram is a resident of Clay County, Alabama and is the Probate Judge of Clay County.  He is sued in his official capacity as the government official of Clay

County charged with the responsibility of administering elections in Clay County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

41.

Defendant Ryan Robertson is a resident of Cleburne County, Alabama and is the Probate Judge of Cleburne County.  He is sued in his official capacity as the government official of Cleburne County charged with the responsibility of administering elections in Cleburne County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

42.

Defendant William O. Gammill is a resident of Coffee County, Alabama and is the Probate Judge of Coffee County.  He is sued in his official capacity as the government official of Coffee County charged with the responsibility of administering elections in Coffee County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

43.

Defendant W. Thomas Crosslin is a resident of Colbert County, Alabama and is the Probate Judge of Colbert County.  He is sued in his official capacity as the government official of Colbert County charged with the responsibility of administering elections in Colbert County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

44.

Defendant Rogene Booker is a resident of Conecuh County, Alabama and the Southern District of Alabama and is the Probate Judge of Conecuh County.  She is sued in her official

18

capacity as the government official of Conecuh County charged with the responsibility of administering elections in Conecuh County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

45.

Defendant Terry Mitchell is a resident of Coosa County, Alabama and is the Probate Judge of Coosa County.  He is sued in his official capacity as the government official of Coosa County charged with the responsibility of administering elections in Conecuh County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

46.

Defendant Sherrie R. Phillips is a resident of Covington County, Alabama and is the Probate Judge of Covington County.  She is sued in her official capacity as the government official of Covington County charged with the responsibility of administering elections in Covington County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

47.

Defendant James V. Perdue is a resident of Crenshaw County, Alabama and is the Probate Judge of Crenshaw County.  He is sued in his official capacity as the government official of Crenshaw County charged with the responsibility of administering elections in Crenshaw County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

48.

Defendant Betty Brewer is a resident of Cullman County, Alabama and is the Probate Judge of Cullman County.  She is sued in her official capacity as the government official of Cullman County charged with the responsibility of administering elections in Cullman County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

49.

Defendant Eunice Hagler is a resident of Dale County, Alabama and is the Probate Judge of Dale County.  She is sued in her official capacity as the government official of Dale County charged with the responsibility of administering elections in Dale County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

50.

Defendant John W. Jones, Jr.  is a resident of Dallas County, Alabama and is the Probate Judge of Dallas County.  He is sued in his official capacity as the government official of Dallas County charged with the responsibility of administering elections in Dallas County and as one of the persons who would be enjoined if the state legislative redistricting plans are declared unconstitutional.

51.

Defendant Ronnie Osborn is a resident of DeKalb County, Alabama and is the Probate Judge of DeKalb County.  He is sued in his official capacity as the government official of DeKalb County charged with the responsibility of administering elections in DeKalb County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

52.

Defendant Jimmy Stubbs is a resident of Elmore County, Alabama and is the Probate Judge of Elmore County.  He is sued in his official capacity as the government official of Elmore County charged with the responsibility of administering elections in Elmore County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

53.

Defendant Rachel Agerton is a resident of Escambia County, Alabama and the Southern District of Alabama and is the Probate Judge of Escambia County.  She is sued in her official capacity as the government official of Escambia County charged with the responsibility of administering elections in Escambia County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

54.

Defendant Bobby M. Junkins is a resident of Etowah County, Alabama and is the Probate Judge of Etowah County.  He is sued in his official capacity as the government official of Etowah County charged with the responsibility of administering elections in Etowah County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

55.

Defendant William Oswalt is a resident of Fayette County, Alabama and is the Probate Judge of Fayette County.  He is sued in his official capacity as the government official of Fayette County charged with the responsibility of administering elections in Fayette County and as one

of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

56.

Defendant Mike Green is a resident of Franklin County, Alabama and is the Probate Judge of Franklin County.  He is sued in his official capacity as the government official of Franklin County charged with the responsibility of administering elections in Franklin County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

57.

Defendant Harry O. Adkison is a resident of Geneva County, Alabama and is the Probate Judge of Geneva County.  He is sued in his official capacity as the government official of Geneva County charged with the responsibility of administering elections in Geneva County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

58.

Defendant Earlean Isaac is a resident of Greene County, Alabama and is the Probate Judge of Greene County.  She is sued in her official capacity as the government official of Greene County charged with the responsibility of administering elections in Greene County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

59.

Defendant Leland Avery is a resident of Hale County, Alabama and is the Probate Judge of Hale County.  He is sued in his official capacity as the government official of Hale County

charged with the responsibility of administering elections in Hale County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

60.

Defendant Lamar Turner is a resident of Henry County, Alabama and is the Probate Judge of Henry County.  He is sued in his official capacity as the government official of Henry County charged with the responsibility of administering elections in Henry County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

61.

Defendant Luke Cooley is a resident of Houston County, Alabama and is the Probate Judge of Houston County.  He is sued in his official capacity as the government official of Houston County charged with the responsibility of administering elections in Houston County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

62.

Defendant Floyd Hambrick, Jr. is a resident of Jackson County, Alabama and is the Probate Judge of Jackson County.  He is sued in his official capacity as the government official of Jackson County charged with the responsibility of administering elections in Jackson County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

63.

Defendant Mark Gaines is a resident of Jefferson County, Alabama and is the Probate Judge of Jefferson County.  He is sued in his official capacity as the government official of Jefferson County charged with the responsibility of administering elections in Jefferson County

and as one of the persons who would be enjoined if the state legislative redistricting plans are declared unconstitutional.

64.

Defendant Johnny Rogers is a resident of Lamar County, Alabama and is the Probate Judge of Lamar County.  He is sued in his official capacity as the government official of Lamar County charged with the responsibility of administering elections in Lamar County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

65.

Defendant Dewey D. Mitchell, III is a resident of Lauderdale County, Alabama and is the Probate Judge of Lauderdale County.  He is sued in his official capacity as the government official of Lauderdale County charged with the responsibility of administering elections in Lauderdale County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

66.

Defendant R. I. Proctor is a resident of Lawrence County, Alabama and is the Probate Judge of Lawrence County.  He is sued in his official capacity as the government official of Lawrence County charged with the responsibility of administering elections in Lawrence County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

67.

Defendant Bill English is a resident of Lee County, Alabama and is the Probate Judge of Lee County.  He is sued in his official capacity as the government official of Lee County charged

with the responsibility of administering elections in Lee County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

68.

Defendant Michael L. Davis is a resident of Limestone County, Alabama and is the Probate Judge of Limestone County.  He is sued in his official capacity as the government official of Limestone County charged with the responsibility of administering elections in Limestone County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

69.

Defendant John E. Hulett is a resident of Lowndes County, Alabama and is the Probate Judge of Lowndes County.  He is sued in his official capacity as the government official of Lowndes County charged with the responsibility of administering elections in Lowndes County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

70.

Defendant Alfonza Menefee is a resident of Macon County, Alabama and is the Probate Judge of Macon County.  He is sued in his official capacity as the government official of Macon County charged with the responsibility of administering elections in Macon County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

71.

Defendant Tommy Ragland is a resident of Madison County, Alabama and is the Probate Judge of Madison County.  He is sued in his official capacity as the government official of Madison County charged with the responsibility of administering elections in Madison County

and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

72.

Defendant Cindy D. Neilson is a resident of Marengo County, Alabama and is the Probate Judge of Marengo County.  She is sued in her official capacity as the government official of Marengo County charged with the responsibility of administering elections in Marengo County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

73.

Defendant Annette Webb Haney is a resident of Marion County, Alabama and is the Probate Judge of Marion County.  She is sued in her official capacity as the government official of Marion County charged with the responsibility of administering elections in Marion County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

74.

Defendant Tim Mitchell is a resident of Marshall County, Alabama and is the Probate Judge of Marshall County.  He is sued in his official capacity as the government official of Marshall County charged with the responsibility of administering elections in Marshall County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

75.

Defendant Don Davis is a resident of Mobile County, Alabama and the Southern District of Alabama, and is the Probate Judge of Mobile County.  He is sued in his official capacity as the

government official of Mobile County charged with the responsibility of administering elections in Mobile County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

76.

Defendant Otha Lee Biggs is a resident of Monroe County, Alabama and the Southern District of Alabama and is the Probate Judge of Monroe County.  He is sued in his official capacity as the government official of Monroe County charged with the responsibility of administering elections in Monroe County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

77.

Defendant Reese McKinney, Jr. is a resident of Montgomery County, Alabama and is the Probate Judge of Montgomery County.  He is sued in his official capacity as the government official of Montgomery County charged with the responsibility of administering elections in Montgomery County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

78.

Defendant Bobby Day is a resident of Morgan County, Alabama and is the Probate Judge of Morgan County.  He is sued in his official capacity as the government official of Morgan County charged with the responsibility of administering elections in Morgan County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

79.

Defendant Donald Cook is a resident of Perry County, Alabama and is the Probate Judge of Perry County.  He is sued in his official capacity as the government official of Perry County charged with the responsibility of administering elections in Perry County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

80.

Defendant Roy Kelly is a resident of Pickens County, Alabama and is the Probate Judge of Pickens County.  He is sued in his official capacity as the government official of Pickens County charged with the responsibility of administering elections in Pickens County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

81.

Defendant William C. Stone is a resident of Pike County, Alabama and is the Probate Judge of Pike County.  He is sued in his official capacity as the government official of Pike County charged with the responsibility of administering elections in Pike County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

82.

Defendant George Diamond is a resident of Randolph County, Alabama and is the Probate Judge of Randolph County.  He is sued in his official capacity as the government official of Randolph County charged with the responsibility of administering elections in Randolph County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

83.

Defendant Albert Howard is a resident of Russell County, Alabama and is the Probate Judge of Russell County.  He is sued in his official capacity as the government official of Russell County charged with the responsibility of administering elections in Russell County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

84.

Defendant Wallace Wyatt, Jr. is a resident of St. Clair County, Alabama and is the Probate Judge of St. Clair County.  He is sued in his official capacity as the government official of St. Clair County charged with the responsibility of administering elections in St. Clair County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

85.

Defendant Patricia Yeager Fuhrmeister is a resident of Shelby County, Alabama and is the Probate Judge of Shelby County.  She is sued in her official capacity as the government official of Shelby County charged with the responsibility of administering elections in Shelby County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

86.

Defendant Willie Pearl Watkins-Rice is a resident of Sumter County, Alabama and is the Probate Judge of Sumter County.  She is sued in her official capacity as the government official of Sumter County charged with the responsibility of administering elections in Sumter County

and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

87.

Defendant Billy L. Atkinson is a resident of Talladega County, Alabama and is the Probate Judge of Talladega County.  He is sued in his official capacity as the government official of Talladega County charged with the responsibility of administering elections in Talladega County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

88.

Defendant Gloria T. Sinclair is a resident of Tallapoosa County, Alabama and is the Probate Judge of Tallapoosa County.  She is sued in her official capacity as the government official of Tallapoosa County charged with the responsibility of administering elections in Tallapoosa County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

89.

Defendant W. Hardy McCollum is a resident of Tuscaloosa County, Alabama and is the Probate Judge of Tuscaloosa County.  He is sued in his official capacity as the government official of Tuscaloosa County charged with the responsibility of administering elections in Tuscaloosa County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

90.

Defendant Rick Allison is a resident of Walker County, Alabama and is the Probate Judge of Walker County.  He is sued in his official capacity as the government official of Walker

County charged with the responsibility of administering elections in Walker County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

91.

Defendant John H. Armstrong is a resident of Washington County, Alabama and the Southern District of Alabama and is the Probate Judge of Washington County.  He is sued in his official capacity as the government official of Washington County charged with the responsibility of administering elections in Washington County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

92.

Defendant Jerry Boggan is a resident of Wilcox County, Alabama and is the Probate Judge of Wilcox County.  He is sued in his official capacity as the government official of Wilcox County charged with the responsibility of administering elections in Wilcox County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

93.

Defendant CaSandra Horsley is a resident of Winston County, Alabama and is the Probate Judge of Winston County.  She is sued in her official capacity as the government official of Winston County charged with the responsibility of administering elections in Winston County and as one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

94.

Defendant Nancy Worley is a resident of Alabama and is Alabama's Secretary of State and chief state elections official under Alabama Code 1975 § 17-4-250.  She is sued in her official capacity as the Constitutional officer of the State of Alabama charged with the duty of conducting elections in Alabama in a manner consistent with federal constitutional and statutory requirements.   Defendant Worley is one of the persons to be enjoined if the state legislative redistricting plans are declared unconstitutional.

95.

While all of the above-named Defendants are sued in their official capacities and all Defendants act in their official capacities under color of state law, because the state legislative redistricting plans violate federal constitutional and statutory mandates, Defendants' actions with respect to conducting continued elections under the state legislative redistricting plans are outside the scope of their authority in those capacities.

BACKGROUND FACTS

96.

Following the release of a Decennial Census, state and local governments typically must redraw their Congressional, state legislative and local government districts in order to comply with the constitutional mandate of "one person, one vote," guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Art. IV, § 2 of the United States Constitution.

97.

When the 2000 Decennial Census ("2000 Census") was released, it showed that over the prior decade, there was both an overall increase in Alabama's population, as well as material geographic shifts in the population between Alabama's state legislative districts.

98.

With respect to the areas in and around Alabama's large cities, the 2000 Census demonstrated geographic shifts in population from the urban to the suburban areas of those cities.

99.

Generally, the 2000 Census showed  decrease and decreasing population in the urban areas of Alabama's larger cities, while showing a significant increase in the population of the suburban counties adjoining the larger cities, including the counties of Baldwin, (+42.87%) Autauga (+27.61%), Elmore (+33.86%), Lee (+32.07%), Shelby (+44.22%), Blount (+30.00%), St. Clair (+29.46%), Cherokee (+22.74%), Chilton (+21.98%), Limestone (+21.32%), Morgan (+ 11.02%), and Marshall (+16.09%). The 2000 Census also showed a significant population increase in the suburban portions of Mobile, Jefferson, Montgomery, Madison, and Tuscaloosa Counties.

100.

In addition to the urban/suburban population shift and tremendous population growth in the suburban counties surrounding Alabama's larger cities, the 2000 Census also demonstrated an overall lack of population growth, and, in some instances, a decrease in population, in the "black belt" counties of central and west Alabama.

101.

These trends, both with respect to population shifts and growth, have been in process in Alabama for several decades, a fact known to the Alabama Legislature and then-Governor Siegelman when the 2000 Census results at the time the 2000 Census results were released and during the redistricting process.

102.

Because of the population growth and shifts, upon receipt of the 2000 Census figures, the Alabama Legislature was required to redistrict Alabama's state legislative districts to create districts which were constitutionally apportioned.

103.

During a special session in 2001, the Alabama Legislature passed and then-Governor Siegelman signed into law the Senate redistricting plan, which is accurately represented by the map attached as Exhibit "A", and the House redistricting plan, which is accurately represented by the map attached as Exhibit "B."   A summary of the demographic information for each plan is appended to the respective map.

104.

In light of the 2000 Census data and the historical trends in population shift and growth in Alabama, when redistricting began, it was clear to the Alabama Legislature and then-Governor Siegelman that if Alabama's legislative seats were apportioned in accordance with the constitutional mandate of one person, one vote, the inner-city areas of Alabama's larger cities and the small rural "black belt" counties of the state would have fewer legislative seats, while the more populous suburban regions would have more seats.

105.

Likewise, when redistricting began, it was well-known to the Alabama Legislature and then-Governor Siegelman that overpopulating the districts in growing suburban counties while underpopulating the districts found in the urban areas of large cities and in the rural "black belt" counties would have the current and future effect of diluting and debasing the votes of the Plaintiffs and other citizens placed in overpopulated districts.

106.

The technology and statistics available to the state of Alabama in the 2001 state legislative redistricting process allowed the drawing of House and Senate districts with minimal population deviations, as demonstrated by the Alabama's Congressional Plan.  The Congressional Plan, drawn and passed by the same legislature that drew and passed the state legislative plans, had a population deviation of absolute zero.

107.

However, despite that available technology and the constitutional mandate of one person, one vote, there was no honest, good faith effort on the part of the Alabama Legislature to construct state legislative districts as nearly of equal population as practicable.  Instead, the Alabama Legislature employed an unconstitutional population deviation standard of $\pm$ 5%, aiming for and improperly allowing themselves an overall population deviation of just below 10%, albeit barely.  In and of itself, the use of $\pm$ 5% population deviation, whether a starting point or goal, makes the plans unconstitutional.

108.

Based on the 2000 Census, the ideal size of each of the thirty-five state Senate districts in Alabama is 127,060.  Under the Senate redistricting plan, the districts range in size from 120,942

to 133,302, for an overall range of population deviation of 9.73%.  Of the 35 districts, 18 districts

are overpopulated, 9 with a relative population deviation of 4.0% or greater.  Seventeen (17) of

the districts are underpopulated, 7 with a relative population deviation in excess of –4.0%.

109.

Based on the 2000 Census, the ideal size of each of the 105 state House districts in

Alabama is 42,353.  Under the redistricting plan for the state House, the districts range in size

from 40,241 to 44,447, for an overall range of population deviation of 9.93%.  Of the 105

districts, 52 districts are overpopulated; of those 52, nine (9) have a relative overall population

deviation of +4.0%.  Fifty-three (53) of the 105 districts are underpopulated, with 19 districts

having a relative population deviation in excess of –4.0%.

110.

Alternative plans can be drawn which demonstrate that districts which have lower

population deviations (and which applied legitimate, consistently-applied state interests) were

not only possible but easily attainable and therefore practicable.  In addition, alternative plans

can be drawn that distribute state legislative seats geographically according to population figures.

Alternative plans with lower deviations (and which applied legitimate, consistently applied  state

policies) and which distributed state legislative seats geographically according to population

figures were available to the Alabama Legislature during the 2001 redistricting process.

111.

However, the Democrat leadership in the Alabama Legislature and then-Governor

Siegelman systematically and intentionally used their knowledge of past and anticipated future

growth to attempt to hang on to political power of the Democratic Party by  (a) identifying  high

growth and fast-growing state legislative districts (generally perceived as Republican-leaning

districts) and slow or no-growth districts (generally perceived as Democratic-leaning districts), (b) overpopulating the high-growth and fast-growth districts and underpopulating the slow or no-growth districts, (c) maintaining legislative seats in regions and areas that no longer had the population to support those seats and (d) thereby diluting and debasing the votes of Plaintiffs and similarly situated voters assigned to overpopulated districts. Because of growth patterns, the discriminatory vote dilution and debasement will be exacerbated throughout the decade, a fact also known to the Democrat leadership of the Alabama Legislature and then-Governor Siegelman during the 2001 redistricting process.

112.

In addition to the discrimination against voters based upon their geographic residence, the Democrat leadership of the Alabama Legislature and then-Governor Siegelman systematically and intentionally overpopulated districts of Republican incumbents or districts which were identified as likely to elect a Republican and intentionally allowed the same number or more Democratic seats to exist in areas which should have lost seats.

113.

Thus, the population deviation and regional favoritism were not the result of any effort to further a legitimate, consistently applied state interest but to promote the partisan agenda of the Democratic-controlled Legislature and that of then-Governor Siegelman, also a Democrat.

114.

The systematic and intentional overpopulating of the state legislative districts in suburban areas and counties of Alabama, and the corresponding underpopulating of the districts in many inner-city urban areas and rural "black belt" counties of Alabama, as well as the overpopulation

of many Republican-leaning districts, constitutes intentional and invidious discrimination against the voters of suburban counties and regions of Alabama in that their votes are diluted and debased vis-à-vis the voters in the underpopulated districts.

115.

Likewise, by systematically packing voters perceived to be Republicans or living in perceived Republican-leaning districts into overpopulated high growth districts and failing to eliminate districts where the population did not warrant their continued existence, the Democrat-controlled Alabama Legislature and then-Governor Siegelman attempted to prevent the majority of Alabama voters from electing a legislature of their choice for this decade and beyond.  In doing so, the Alabama Legislature and then-Governor Siegelman created and passed state legislative plans that constitute intentional and invidious discrimination against voters living in those districts and which dilute and debase their votes.

116.

Although the basic principle of representative government is that the weight of a citizen's vote cannot be made to depend on where that citizen lives in a state, the intent and effect of the Alabama redistricting plans was and is to make the value of citizens' votes dependent upon where they live and/or how they vote.  The Democratic-controlled Alabama Legislature and then-Governor Siegelman systematically and intentionally created state legislative districts with very substantial disparities in population, voting age population, citizens of voting age, registered voters and individuals actually casting votes, thereby giving differing voting power to voters in different parts of the state.

117.

The growth trends of Alabama will exacerbate this vote dilution and debasement increase the size of the majority that will be denied its ability to elect a legislature of its choice through the current decade and beyond.

118.

The current state legislative redistricting plans are so irrational on their face that the natural result will be to deprive citizens of the benefit of the principle of one person, one vote and their representational rights, guaranteed by the Constitution.  There are no legitimate, consistently applied state policies which justify the population deviations in the current state legislative redistricting plans.

119.

Instead, those plans are tainted by arbitrariness and discrimination as they arbitrarily dilute and debase the weight of certain citizens' votes by intentionally underpopulating districts in the rural "black belt" counties and in Alabama's large cities, correspondingly overpopulating suburban areas surrounding the large cities.

120.

Unless state legislative districts of equal population are established, members of the Alabama Legislature will be elected from malapportioned plans in violation of the federal constitutional and statutory law set forth above.  Citizens living in underpopulated districts are and will continue to be afforded greater representation, to the detriment of voters residing in overpopulated districts, including Plaintiffs.

121.

A genuine controversy exists between Plaintiffs and Defendants as to the matters asserted herein.  Plaintiffs have no adequate remedy at law and no other way to guarantee their rights in connection with future elections other than through the relief sought in this lawsuit.  Plaintiffs have suffered and will continue to suffer irreparable harm if elections are allowed to proceed under the state legislative redistricting plans; the injury will continue until those redistricting plans are declared to be unlawful, their use is enjoined by this Court and districts which comport with the principle of one person, one vote are adopted.

## **COUNT ONE**

### **VIOLATION OF RIGHT TO EQUAL PROTECTION OF THE LAWS: ONE PERSON, ONE VOTE**

122.

Plaintiffs incorporate by reference the allegations contained in paragraphs 1-121 of this Complaint as if set forth herein.

123.

Article 4, Section 2 of the United States Constitution provides: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."  Pursuant to this and other provisions of the United States Constitution, the right to vote is a fundamental right guaranteed to U.S. citizens.

124.

 Section 1 of the Fourteenth Amendment to the United States Constitution provides:  "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the united States; nor shall any state deprive any person of life, liberty, or property, without

due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

125.

Under the Fourteenth Amendment, it is unlawful for a state to create electoral districts for public office with an imbalance in population unless a legitimate governmental interest requires the same unless that imbalance is the result of an effort to further a legitimate, consistently applied state policy and the resulting plan is free of the taint of arbitrariness or discrimination.

126.

The current version of 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

127.

Defendants are "person[s]" and Plaintiffs are all "citizen[s] of the United States" within the scope of 42 U.S.C. § 1983. The current redistricting plans were enacted by the Alabama Legislature and then-Governor Siegelman, all acting under color of state law.  The continued use of the state legislative redistricting plans by Defendants is action taken under color of state law.

128.

Plaintiffs intend and desire to participate in the electoral and political processes of the State of Alabama on the basis of equality with other citizens of the State.

129.

Plaintiffs' constitutional right to such equality in voting strength has been diluted and debased through the enactment and continued use of the state legislative redistricting plans by which members of the Alabama Legislature are to be elected as the state legislative redistricting plans contain such malapportioned districts as to cause Plaintiffs and other voters living in those districts to be underrepresented and therefore deny them the right to equal protection..

130.

There is no consistently-applied, legitimate state policy which justifies the population deviations in the current state legislative redistricting plans.  Instead, the population deviations are designed to maximize the electoral effectiveness of voters in underpopulated regions and to minimize or dissipate the voting strength of voters in overpopulated districts.  Thus, the state legislative redistricting plans, which intentionally and invidiously discriminate against voters in overpopulated districts, are tainted with arbitrariness or discrimination, in violation of the United States Constitutional guarantees of the Fourteenth Amendment.

131.

There is no adequate remedy at law for the irreparable harm Plaintiffs suffer and continue to suffer through continued use of the current state legislative redistricting plans.  The use of those plans, which unconstitutionally abridges the voting rights of Plaintiffs to elect and be represented by members of the Alabama Legislature, should be declared unconstitutional and enjoined. In the event that the Alabama Legislature is unable to pass constitutional redistricting plans in time for the 2006 elections, this Court should draw such plans for use until such time as the Alabama Legislature enacts state legislative redistricting plans that comport with constitutional and statutory law.

## COUNT TWO

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF THE LAWS: PARTISAN GERRYMANDER

132.

Plaintiffs incorporate by reference the allegations contained in paragraphs 1-131 of this Complaint as if set forth herein.

133.

The state legislative redistricting plans were the result of gross partisan gerrymanders, which violate the United States Constitution's Fourteenth Amendment equal protection guarantee by fragmenting cohesive communities of interest and political subdivisions between purported districts in support of no legitimate, consistently applied state policy.  No legitimate consistently applied state policy is supported or furthered by these plans' needless division of these communities.  This wanton fragmentation of cultural, ethnic, geographic economic and political communities results in a dilution and debasement of Plaintiffs' voting rights, political power and influence.  Leaving the state legislative redistricting plans in place will cause a continued violation of Plaintiffs' constitutional rights to equal protection.

134.

The state legislative redistricting plans constitute intentional discrimination against the Republican Party, its members and other citizens who it may support as candidates.

135.

The effect of the state legislative redistricting plans is the unjustified entrenchment of the Democratic Party's power in Alabama.  No redistricting criteria of any sort were used by the Alabama Legislature in crafting the state legislative redistricting plans.  To the extent that

Defendants claim any such criteria were used, such departs radically from traditional and historical criteria.  That departure is unexplainable in any way other than as an effort on the part of the Democratic-controlled Alabama Legislature and then-Governor Siegelman to maintain or obtain more partisan political advantage for the Democratic voters.  Due to the gerrymandering, the Republican Party – the party receiving majority of total votes in a relevant election including presidential and gubernatorial, among others –  has failed to obtain a majority of the relevant seats in an election under the state legislative redistricting plans.

136.

The impermissible partisan gerrymanders that are the state legislative redistricting plans are visible to the judicial eye and subject to judicially manageable standards.

137.

There is no adequate remedy at law for the irreparable harm Plaintiffs suffer and continue to suffer through continued use of these gerrymandered redistricting plans.  The use of those plans, which unconstitutionally abridges the voting rights of Plaintiffs to elect and be represented by members of the Alabama Legislature, should be declared unconstitutional and enjoined. In the event that the Alabama Legislature is unable to pass constitutional redistricting plans in time for the 2006 elections, this Court should draw such plans for use until such time as the Alabama Legislature enacts state legislative redistricting plans that comport with constitutional and statutory law.

## COUNT THREE

## VIOLATION OF FIRST AMENDMENT RIGHTS

138.

Plaintiffs incorporate by reference the allegations contained in paragraphs 1-134 of this Complaint as if set forth herein.

139.

The First Amendment to the United States Constitution provides the right of freedom of speech and of association.  The state legislative redistricting plans impinge upon the freedom of association rights guaranteed by the First Amendment of the United States Constitution by packing Republican-leaning districts, thereby penalizing Republican voters and representatives solely because of their party affiliation and political beliefs.  Public debates on issues of public importance are also chilled in violation of the First Amendment.

137.

There is no consistently-applied, legitimate state policy which justified the population deviations in these Republican-leaning districts in the state legislative redistricting plans, but instead the population deviations are tainted by arbitrariness and discrimination.

138.

There is no adequate remedy at law for the irreparable harm Plaintiffs suffer and continue to suffer through continued use of the state legislative redistricting plans.  The use of those plans, which unconstitutionally abridges the voting rights of Plaintiffs to elect and be represented by members of the Alabama Legislature on an equal basis with all other citizens, should be declared unconstitutional and enjoined.  In the event that the Alabama Legislature is unable to pass constitutional state legislative redistricting plans in time for the 2006 elections, this Court should

45

draw such plans for use until such time as the Alabama Legislature enacts plans that comport with constitutional and statutory law.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A)     Assume jurisdiction of this case;

B)     Make application to the Chief Judge of the Circuit to appoint a three-judge court to hear and decide this case in accordance with 28 U.S.C. § 2284, as this action involves statewide redistricting plans;

C)     Enter a declaratory judgment that the present apportionment of the current Alabama Senate and Alabama House of Representatives districts violates the principle of one person, one vote and are also partisan gerrymanders, thus violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

D)     Enter a declaratory judgment that the present apportionment of the current Alabama Senate and Alabama House of Representatives districts violates the First Amendment to the United States Constitution and 42 U.S.C. § 1983;

E)     Enter a declaratory judgment that the continued use of the current redistricting plans for Alabama's state legislative districts violates the Article IV, §2 of the United States Constitution, the First and the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983;

F)     After entering the declaratory judgments as described above, enjoin all future elections of members of the Alabama Legislature until those plans are districted in a manner that does not violate the United States Constitution or federal statutes;

G)      In the event that new redistricting plans are not enacted and precleared under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c in time for such plans to be used in the 2006 elections, enter an order that creates Alabama's state legislative districts in a manner consistent with the United States Constitution and federal statutes;

H)      Award Plaintiffs their costs and attorney's fees of this action pursuant to 42 U.S.C. § 1988 or as otherwise authorized by law; and

I)      Award Plaintiffs all other relief which the Court deems necessary and proper.

This 16th day of June 2005.

                                Respectfully submitted,

                                /s/ Mark G. Montiel
                                Mark G. Montiel
                                Alabama Bar No. ASB-9485-T68M
                                Attorney for Plaintiffs
                                MARK G. MONTIEL, P.C.
                                6752 Taylor Circle
                                Montgomery, Alabama  36117
                                Telephone:  334.396.3331
                                Facsimile:  334.396.4465
                                email:  mgmontielpc@aol.com


                                /s/ Frank B. Strickland
                                Frank B. Strickland
                                Georgia Bar No. 687600
                                /s/ Anne W. Lewis
                                Anne W. Lewis
                                Georgia Bar No. 737490
                                Attorneys for Plaintiffs

**STRICKLAND BROCKINGTON
   LEWIS LLP**
Midtown Proscenium Suite 2000
1170 Peachtree Street, NE
Atlanta, Georgia  30309
Telephone: 678.347.2200
Facsimile:  678. 347.2210
email:  fbs@sbllaw.net
          awl@sbllaw.net